LONE STAR STEEL CO. ET AL., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 85–03–00305

Before RAO, *Judge.*

(Dated June 7, 1985)

*Akin, Gump, Strauss, Hauer & Feld (Warren E. Connelly* and *Susan M. Coulson* on the motion) for plaintiffs.

*Richard K. Willard,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch (*J. Kevin Horgan* on the motion) for the defendant.

RAO, *Judge:* This civil action, brought pursuant to Section 516A(a)(2)(ii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 516a(a)(2)(ii), is before the Court on plaintiffs' motion for an extension of time in which to file the complaint.

It is not disputed that on March 1, 1985 plaintiffs timely filed a summons initiating this action, in which they seek to contest a final affirmative countervailing duty determination covering oil country tubular goods from Spain.

On April 1, 1985 plaintiffs attempted to serve the complaint by mailing copies to the Clerk of this Court, defendant and all interested parties by certified mail, return receipt requested. By inadvertance, the amount of postage affixed to the complaint mailed to the Clerk of the Court was insufficient and the postal service returned that complaint to plaintiffs on April 8, 1985. The other copies were duly received by the defendant and the interested parties.

This case is "on all fours" with the facts in *Jernberg Forgings Co.* v. *United States,* 7 CIT 62, Slip Op., 84–17 (March 8, 1984), in which the

---

[6] The summons filed in this case, Court No. 81–1–00100, covered only entry number 188,596, which was liquidated on May 12, 1978. Although Court No. 81–1–00100 has been designated a test case and other cases have been suspended under it, the Court's holding is limited to entry number 188,596. Merchandise of subsequent entries would not necessarily be entitled to classification based on an administrative practice which has been interrupted and is therefore no longer uniform.

Court reviewed the relevant statute of limitations and the issue of whether insufficient postage for certified mail can be considered as excusable neglect extending the 30 day period within which to file the complaint in a § 15161a(a)(2)(ii) action. The court stated:

> The Court does not find the language of § 1516a(a)(2) when read alone to be clear and unambiguous, but the court does find 28 U.S.C. § 2636(c) to be clear. It states:
>
> > A civil action contesting a reviewable determination listed in section 516A of the Tariff Act of 1930 * * * is barred unless commenced in accordance with the rules of the Court of International Trade within thirty days after the date of the publication of such determination in the Federal Register.
>
> When read with 19 U.S.C. § 1516a(a)(2), it is apparent that 28 U.S.C. § 2636(c) specifies the applicable statute of limitations in this case. 19 U.S.C. § 1516a(a)(2)(A) merely sets out procedural details. To the extent that any jurisdictional issue is raised by the timing of the commencement of this action, it is satisfied by the timely filing of the summons.
>
> \*      \*      \*      \*      \*      \*      \*
>
> The court finds that plaintiffs failed to file their complaint within the thirty day time period because of excusable neglect, that there is a lack of prejudice to other parties and that plaintiffs promptly sought to correct their error.

The reasoning of the Court in *Jernberg Forgings Co.* is adopted herein as controlling as to the issue of excusable neglect.

Therefore, upon reading and filing plaintiffs' motion for an extension of time within which to file the complaint in this civil action, defendant's opposition thereto and plaintiffs' response to defendant's opposition, and upon all other papers and proceedings herein, it is hereby

ORDERED that plaintiffs' motion be, and it hereby is, granted and plaintiffs' complaint attached to the motion papers shall be deemed filed as of the date of this order.